E-FILED
Thursday, 20 December, 2018  10:08:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALLIANZ GLOBAL CORPORATE & SPECIALTY SE a/s/o/ PERRIGO CO., and PERRIGO CO., <br><br> Plaintiffs, <br><br> v. <br><br> VICTORY LOGISITICS, LLC, and GULLY TRANSPORTATION CO., <br><br> Defendants. | Case No.  1:18-cv-1267 |

# ORDER & OPINION

This matter comes before the Court on Gully Transportation Co.'s Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 22) and Motion to Dismiss Victory Logistics, LLC's Crossclaim (Doc. 24). Victory Logistics has had opportunity to respond to both motions, and so they are ripe for review (Docs. 30, 31). For the reasons stated below Gully Transportation's Rule 60(b) Motion is GRANTED and its Motion to Dismiss is DENIED.

### BACKGROUND[1]

Plaintiff Perrigo Company hired Victory Logistics, LLC, through an intermediary to transport a shipment of pharmaceuticals insured by Plaintiff Allianz

---

[1] In reviewing a motion to dismiss, all well-pleaded allegations in the complaint are taken as true. *Heng v. Heavner, Beyers & Milhar, LLC*, 849 F.3d 348, 351 (7th Cir. 2017). The crossclaims at issue assume liability on the facts set forth in the complaint. (Docs. 7 at 7, 16 at 1–5). The factual background here is therefore drawn from the Plaintiffs' Complaint (Doc. 1) and the procedural background from the docket.

Global Corporate & Specialty SE. Near Bloomington, Illinois, the refrigerated trailer operated by Victory Logistics was rear-ended by a truck owned and operated by Gully Transportation Co. The refrigerated trailer was towed to Peoria, Illinois, and left in a repair yard for nine days, during which the temperature fluctuations in the no longer functioning refrigerated unit destroyed the cargo. Plaintiffs sued both Victory Logistics and Gully Transportation alleging a claim against Victory Logistics under 49 U.S.C. § 14706 (the "Carmack Amendment") and a negligence claim against Gully Transportation. (Doc. 1).

Gully Transportation filed a crossclaim seeking contribution from Victory Logistics. (Doc. 7 at 7). Victory Logistics moved to dismiss the crossclaim on the ground that the two defendants were not both subject to liability in tort as required for contribution under the Illinois Contribution Act because claims under the Carmack Amendment sound in contract rather than tort. (Doc. 17). Gully Transportation failed to respond. The Court, finding Victory Logistics's motion well-supported and presumed unopposed under Local Rule 7.1(B)(2), granted the motion and dismissed Gully Transportation's crossclaim with prejudice. (Doc. 20). Gully Transportation, conceding that controlling precedent supports dismissal in most materially similar situations, asks the Court to modify its judgment to dismissal without prejudice so Gully Transportation could revive the claim for contribution should discovery reveal Victory Logistics to be liable on a tort theory under the Carmack Amendment. (Doc. 22).

Victory Logistics also filed a crossclaim, asserting Gully Transportation is liable to it in negligence. (Doc. 16). Gully Transportation seeks dismissal of Victory Logistics's crossclaim, arguing that the Carmack Amendment should displace it as the Carmack Amendment displaced Gully Transportation's crossclaim and that Victory Logistics cannot make out a claim for indemnity. (Doc. 24).

## LEGAL STANDARDS

Rule 60(b) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." "[I]n principle, an attorney's negligence in meeting a filing deadline could be 'excusable neglect' for the purpose of Rule 60(b)(1)." *In re Canopy Fin., Inc.*, 708 F.3d 934, 936 (7th Cir. 2013).

Gully Transportation has also moved to dismiss Victory Logistics's crossclaim for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the facts alleged in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombley*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### I. Gully Transportation's Rule 60(b) Motion

As an initial matter, the Court must determine whether Gully Transportation's failure to respond is attributable to a cause which allows for relief under Rule 60(b). The Seventh Circuit has explained, "[a]lthough attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney

inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004)).

Ideally, Gully Transportation would have met its deadline, but the Court easily determines the failure to do so was excusable neglect rather than inattentiveness. Counsel has explained that the deadline was inadvertently calendared incorrectly, a mistake not noticed in part due to a burdensome motions practice in another case. (Doc. 23 at 4). Moreover, counsel diligently and rapidly worked to file the instant motion, which both minimized delay and indicated a general attentiveness to the litigation. The understandable lapse that occurred in this case is precisely the type of attorney neglect Rule 60(b)(1) allows an opportunity to cure.

There being no suggestion that consideration of the motion would prejudice Victory Logistics, the Court will turn to the merits. Gully Transportation does not dispute that under *North American Van Lines v. Pinkerton Security Systems, Inc.*, 89 F.3d 452, 457–59 (7th Cir. 1996) (*Pinkerton*), the Carmack Amendment preempts any State law claims and provides a claim typically sounding in contract, thus not allowing for contribution claims under the Illinois Contribution Act. (Doc. 23 at 5). Rather, Gully Transportation asks the dismissal be modified to be without prejudice so if discovery reveals a situation in which Victory Logistics might be liable in tort under the Carmack Amendment, Gully Logistics could resurrect its crossclaim for contribution. (Doc. 23 at 5–6).

The general rule is to dismiss without prejudice where amendment to a complaint could cure whatever defect warranted dismissal. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). In this case, whether dismissal without prejudice rather than with prejudice is warranted depends on whether there can ever be liability sounding in tort under the Carmack Amendment. As the Court noted in its original Order, the Seventh Circuit has not completely foreclosed that possibility. However, the Court's mention of that fact for completeness was not meant to give false hope to Gully Transportation; the Seventh Circuit has also not endorsed such a theory.

*Pinkerton* contains the Seventh Circuit's only discussion of that issue. In determining Illinois Contribution Act did not allow for contribution where one party was liable under the Carmack Amendment, the Seventh Circuit addressed the Eighth Circuit's *dicta* "that even if the statute were strictly limited to actions sounding in tort, 'the nature of the carrier's duty under the Carmack Amendment sounds in negligence' because it involved the carrier's breach of the duty of care imposed by statute." *Pinkerton*, 89 F.3d at 458 (quoting *R.H. Fulton v. Chi., Rock Island, & Pac. R.R. Co.*, 481 F.2d 326, 333 (8th Cir. 1973)). The Seventh Circuit did "not fully agree with this *dicta*" but found it "unnecessary . . . to detail [its] divergent view because the circumstances of the case do not implicate *Fulton*'s precatory discussion." *Id.* The Seventh Circuit declined to "venture an opinion on what circumstances might result in a carrier being liable under a negligence theory for a breach of a duty implied either by the Carmack Amendment or by the terms of a contract." *Id.*

It is quite possible that no such circumstances exist. The Seventh Circuit's *dicta* declining to detail its divergent views from the Eighth Circuit's *dicta* is not a particularly solid foundation on which to build a legal argument. *Cf. United States v. Stitt*, 139 S. Ct. 399, 407 (2018) ("But for present purposes, what matters is that the Court . . . did not decide the question now before us . . . ."). However, while the Court entertains grave doubts that an amendment could cure Gully Transportation's crossclaim, it cannot say "it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion*, 786 F.3d at 519–20 (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)) (emphasis in original).

The Court thinks the prudent course of action is to grant Gully Transportation's Rule 60(b) motion and amend its earlier Order to dismiss the crossclaim without prejudice. Doing otherwise would require the Court to determine whether any possible Carmack Amendment claim could sound in tort rather than examining the narrower question of whether a specific one does. But the Court also trusts that Gully Transportation will not file such a crossclaim without serious consideration of whether a tort claim under the Carmack Amendment exists and would be prepared to support its theory with detailed legal arguments.

## II. Gully Transportation's Motion to Dismiss

Victory Logistics's crossclaim alleges Gully Transportation is liable on a pure theory of negligence. Although Victory Logistics would receive damages that would effectively indemnify it should it prevail, the claim does not, formalistically, seek either contribution or indemnification. Rather, Victory Logistics alleges the standard

elements of negligence: that (1) duties related to safe driving, either common law or statutory, (2) were breached by Gully Transportation's driver which (3) caused the crash, and (4) damages to Victory Logistics based upon its failure to safely deliver the cargo. (Doc. 16 at 4-5).

Gully Transportation's motion to dismiss is premised on the assumption that Victory Logistics's crossclaim seeks either contribution, which is barred by the Carmack Amendment, or indemnification under the Carmack Amendment or Illinois law. But Victory Logistics is advancing a negligence claim which is not barred by the Carmack Amendment. "The Carmack Amendment only preempts 'state and common law remedies inconsistent with the federal Act.'" *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 698 (7th Cir. 2008) (quoting *Hughes v. United Van Lines*, 829 F.3d 1407, 1414 (7th Cir. 1987)). Therefore, the Carmack Amendment specifically preempts "separate state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods." *Id.* at 697. It does not govern or attempt to govern the liability of parties other than shippers and carriers of those shippers' goods. Gully Transportation was not a carrier of the goods at issue here. Its liability in tort is therefore not preempted by the Carmack Amendment.

The Court agrees that Gully Transportation is likely not liable for contribution under the Illinois Contribution Act, for the reasons discussed above and in the Court's prior Order, and is not liable on a claim of indemnity because no relationship giving rise to indemnity existed between Gully Transportation and Victory Logistics. But that is beside the point: Victory Logistics is not seeking contribution or indemnity,

7

under the Carmack Amendment or otherwise. (Doc. 30 at 3). Rather, it seeks to hold Gully Transportation liable on an ordinary theory of negligence—duty, breach, cause, and damages. Gully Transportation has not advanced an argument that such a claim must be dismissed. Therefore, its motion to dismiss is denied.

## CONCLUSION

For the reasons stated, Gully Transportation Co.'s Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 22) is GRANTED and its Motion to Dismiss Victory Logistics, LLC's Crossclaim (Doc. 24) is DENIED. The Court ORDERS its Order on November 28, 2018 (Doc. 20) is modified such that the dismissal of Gully Transportation's crossclaim is without prejudice rather than with prejudice.

SO ORDERED.

Entered this 20th day of December 2018.

s/Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge